# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| ADEM VELIC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| ALLY AUTO and UNIVERSAL WARRANTY COMPANY, | ) Civil Action No.: 1:21-cv-135-GNS ) ) |
| Defendants. | ) ) ) |

### DEFENDANTS ALLY FINANCIAL INC. AND UNIVERSAL WARRANTY CORPORATION'S NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTER DISTRICT OF KENTUCKY

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Ally Financial Inc. (incorrectly named in the Amended Complaint as "Ally Auto", hereinafter "Ally") and Defendant Universal Warranty Corporation (incorrectly named in the Amended Complaint as "Universal Warranty Company", hereinafter "UWC") (collectively "Defendants") hereby remove this action pending in the Circuit Court of Warren County, Kentucky, Civil Action No. 21-CI-01005 (the "State Court Action"), to the United States District Court for the Western District of Kentucky. Removal is proper because this Court has subject matter jurisdiction of the action under diversity jurisdiction. *See* 28 U.S.C. § 1332. Accordingly, Defendants remove this action to this Court, and in support thereof, states the following:

## I.   BACKGROUND

1.   Plaintiff Adem Velic ("Plaintiff") commenced the State Court Action against Defendants by filing an Amended Complaint (the "Complaint") in the Circuit Court of Warren County, Kentucky on August 12, 2021. Pursuant to 28 U.S.C. § 1446(a), a copy of all process,

pleadings, and orders served on Defendants are attached hereto as **Exhibit A**. There are no matters pending in the State Court Action requiring resolution.

2. On August 17, 2021, Plaintiff effected service of the Complaint on Ally and UWC.

3. As required by 28 U.S.C. § 1446(b)(1), this Notice is being filed with this Court within thirty (30) days of Ally's and UWC's receipt of a copy of Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based.

4. Plaintiff's claims arise from a Guaranteed Asset Protection ("GAP") insurance contract (the "Contract") that was purchased from Ally in connection with Plaintiff's purchase of a 2019 Jeep Grand Cherokee bearing VIN 1C4RJFAG4KC702925 (the "Vehicle"). The Contract is attached hereto as **Exhibit B**. UWC is the Program Administrator for the Contract.

5. The above-captioned action involves claims for Breach of Agreement, Conversion, and Bad Faith. Plaintiff's claims arise from the Contract. The value of the funds in dispute together with the alleged damages, including compensatory damages, punitive damages and attorney's fees, exceed $75,000.

6. Defendants deny the allegations in the Complaint, deny that Plaintiff has stated any claim for which relief may be granted and deny that Plaintiff has been damaged in any manner. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, Plaintiff could have filed the Complaint in this Court under diversity jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000. Therefore, removal of this entire case is proper under 28 U.S.C. §§ 1332 and 1441.

## II.     FEDERAL JURISDICTION

7.     Plaintiff's Complaint gives rise to diversity jurisdiction because the citizenship of Plaintiff and Defendant is completely diverse and the amount in controversy exceeds $75,000.

**A.     Diversity of Citizenship**

8.     Upon information and belief, Plaintiff is a citizen of the State of Kentucky. Am. Compl. ¶ 1.

9.     Ally is a Delaware corporation with its principal place of business located in Detroit, Michigan. For purposes of diversity jurisdiction under 28 U.S.C. § 1332, Ally is a citizen of the State of Michigan.

10.     UWC is a Michigan corporation with its principal place of business located in Detroit, Michigan. For purposes of diversity jurisdiction under 28 U.S.C. § 1332, UWC is a citizen of the State of Michigan.

11.     Accordingly, there is complete diversity between Plaintiff and Defendants.

**B.     Amount in Controversy**

12.     To exercise jurisdiction "the matter in controversy [must] exceed[] the sum or value of $75,000, exclusive of interest and cost." 28 U.S.C. § 1332(a).

13.     "[A]s specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

14. Plaintiff seeks damages in the amount of the outstanding balance on his account associated with the Vehicle (the "Account"). Am. Compl. ¶ 10. The remaining balance on the Account was approximately $13,000.00. *Id.*

15. Plaintiff also seeks compensatory damages pursuant to an alleged violation of K.R.S. § 304.12-230. Am. Compl. ¶ 17. Under K.R.S. § 394.99-010, "any person who violates any provision of this code . . . shall . . . be fined not less than one hundred dollars ($100) or twice the amount of the gain from the commission of the violation, whichever is greater." Thus, the compensatory damages sought by Plaintiff are approximately $26,000.

16. Additionally, Plaintiff seeks an award of attorney's fees. Pursuant to K.R.S. § 304-12.235(3), "[i]f an insurer fails to settle a claim within [thirty (30) days] and the delay was without reasonable foundation, the insured person . . . shall be entitled to be reimbursed for his reasonable attorney's fees incurred."

17. It is settled that statutory attorney's fees can be considered in determining whether the jurisdiction amount is met. *See Grange Mut. Cas. Co. v. Safeco Ins. Co. of America*, 565 F.Supp.2d 779, 784 (E.D. Ky. 2008) ("[Attorney's fees and/or defense costs] are included in the amount in controversy . . . (2) when provided by a statute that expressly mandates or allows the payment of such fees.").

18. Further, Plaintiff seeks punitive damages. Am. Compl. ¶¶ 16, 17. "When determining the jurisdiction amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001).

19. "A bad faith claim under Kentucky law is, essentially, a punitive action." *Wells v. GEICO General Insurance Co.*, 2021 WL 3131316, at *13 (E.D. Ky. 2021) (quoting *Hollaway v. Direct Gen. Ins. Co. of Mississippi, Inc.*, 497 S.W.3d 733, 739 (Ky. 2016)).

20. Accordingly, Plaintiff's claims exceed the $75,000 amount in controversy threshold.

### III.   VENUE

21. Venue is proper in this Court because this district encompasses the Circuit Court of Warren County, Kentucky, the forum from which the case has been removed. *See* 28 U.S.C. § 1441.

### IV.   NOTICE

22. Concurrent with the filing of this Notice, Defendants will file a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Warren County, Kentucky, a copy of which is attached hereto as **Exhibit C**.

23. Upon information and belief, the contents of **Exhibit A** and **Exhibit C** constitute the entire file of the action pending in the state court as required pursuant to 28 U.S.C. § 1446(a).

24. By removing this case to this Court, Defendants do not waive any defenses, objections, or motions available to them under the applicable law.

25. Defendants also reserve the right to amend or supplement this Notice of Removal. And, in this regard, if any questions arise as to the propriety of the removal of the State Court Action, Defendants expressly request the opportunity to present a brief, oral argument, and any further evidence necessary in support of its position that this action is removable.

WHEREFORE, having met all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including all the jurisdictional requirements of 28 U.S.C. § 1332, Defendants Ally Financial Inc. and Universal Warranty Corporation hereby remove this action from the Circuit

Court of Warren County, Kentucky to the United States District Court for the Western District of Kentucky and seeks whatever further relief this Court deems equitable and just.

Dated this 16th day of September, 2021.

    Respectfully submitted,

*/s/ Jonathan M. Kenney*
Jonathan M. Kenney
TROUTMAN PEPPER
HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7564
Facsimile: (757) 687-1524
E-mail: jonathan.kenney@troutman.com
*Attorney for Ally Financial Inc. and Universal Warranty Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of September, 2021, I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF system and served a copy on all counsel of record via Federal Express addressed below:

B. Alan Simpson, Esq.
THE SIMPSON FIRM
908 State Street
P.O. Box 3480
Bowling Green, KY 42102-3480
Telephone: (270) 782-3929
Facsimile: (270) 467-0566
Email: alan@balansimpsonlaw.com
*Attorney for Plaintiff*

By: */s/ Jonathan M. Kenney*
Jonathan M. Kenney, Esq.
Troutman Pepper Hamilton Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7529
Facsimile: (757) 687-7510
E-mail: jonathan.kenney@troutman.com

119334406v1